**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of _____

Case number *(If known)*: _____ Chapter 15

☐ Check if this is an
amended filing

Official Form 401

# Chapter 15 Petition for Recognition of a Foreign Proceeding    12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write debtor's name and case number (if known).

| | | |
|---|---|---|
| 1. | **Debtor's name** | _____ |

| | |
|---|---|
| 2. | **Debtor's unique identifier** |

**For non-individual debtors:**

☐ Federal Employer Identification Number (EIN)    ___ ___ – ___ ___ ___ ___ ___ ___

☐ Other _____. Describe identifier _____.

**For individual debtors:**

☐ Social Security number:    xxx – xx– ____ ____ ____ ____

☐ Individual Taxpayer Identification number (ITIN): **9** xx – xx – ____ ____ ____ ____

☐ Other _____. Describe identifier _____.

| | | |
|---|---|---|
| 3. | **Name of foreign representative(s)** | _____ |

| | | |
|---|---|---|
| 4. | **Foreign proceeding in which appointment of the foreign representative(s) occurred** | _____ |

| | |
|---|---|
| 5. | **Nature of the foreign proceeding** |

*Check one:*

☐ Foreign main proceeding
☐ Foreign nonmain proceeding
☐ Foreign main proceeding, or in the alternative foreign nonmain proceeding

| | |
|---|---|
| 6. | **Evidence of the foreign proceeding** |

☐ A certified copy, translated into English, of the decision commencing the foreign proceeding and appointing the foreign representative is attached.

☐ A certificate, translated into English, from the foreign court, affirming the existence of the foreign proceeding and of the appointment of the foreign representative, is attached.

☐ Other evidence of the existence of the foreign proceeding and of the appointment of the foreign representative is described below, and relevant documentation, translated into English, is attached.

_____

_____

| | |
|---|---|
| 7. | **Is this the only foreign proceeding with respect to the debtor known to the foreign representative(s)?** |

☐ No. (Attach a statement identifying each country in which a foreign proceeding by, regarding, or against the debtor is pending.)

☐ Yes

Debtor _____    Case number (*if known*)_____
        Name

**8.  Others entitled to notice**

Attach a list containing the names and addresses of:

(i)  all persons or bodies authorized to administer foreign proceedings of the debtor,

(ii)  all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and

(iii)  all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code.

**9.  Addresses**

**Country where the debtor has the center of its main interests:**

_____

**Debtor's registered office:**

_____
Number     Street

_____
P.O. Box

_____
City     State/Province/Region   ZIP/Postal Code

_____
Country

**Individual debtor's habitual residence:**

_____
Number     Street

_____
P.O. Box

_____
City     State/Province/Region   ZIP/Postal Code

_____
Country

**Address of foreign representative(s):**

_____
Number     Street

_____
P.O. Box

_____
City     State/Province/Region   ZIP/Postal Code

_____
Country

**10.  Debtor's website** (URL)

_____

**11.  Type of debtor**

*Check one:*

❑ Non-individual (*check one*):

    ❑ Corporation.  Attach a corporate ownership statement containing the information described in Fed. R. Bankr. P. 7007.1.

    ❑ Partnership

    ❑ Other.  Specify: _____

❑ Individual

Debtor  **Ymagis SA**
_____  Case number *(if known)*_____
Name

---

**12. Why is venue proper in *this***
    ***district?***

*Check one:*

☑  Debtor's principal place of business or principal assets in the United States are in this district.

☐  Debtor does not have a place of business or assets in the United States, but the following
    action or proceeding in a federal or state court is pending against the debtor in this district:
_____

☐  If neither box is checked, venue is consistent with the interests of justice and the convenience
    of the parties, having regard to the relief sought by the foreign representative, because:
_____

---

**13. Signature of foreign**
    **representative(s)**

I request relief in accordance with chapter 15 of title 11, United States Code.

I am the foreign representative of a debtor in a foreign proceeding, the debtor is eligible for the
relief sought in this petition, and I am authorized to file this petition.

I have examined the information in this petition and have a reasonable belief that the
information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct,

✖ _____  Jean Mizrahi
Signature of foreign representative  Printed name

Executed on   **07/27/2020**
         MM  / DD / YYYY

✖ _____  _____
Signature of foreign representative  Printed name

Executed on   _____
         MM  / DD / YYYY

---

**14. Signature of attorney**

✖ _____  Date   **07/27/2020**
Signature of Attorney for foreign representative    MM  / DD / YYYY

Matthew K. Kelsey
_____
Printed name
Gibson, Dunn & Crutcher LLP
_____
Firm name
200 Park Avenue
_____
Number    Street
New York  _____  NY  10166
City      State  ZIP Code

(212) 351-2615      mkelsey@gibsondunn.com
Contact phone      Email address

4250296      NY
Bar number      State

---

Print | Save As... | Add Attachment | Reset

Debtor    Ymagis SA
          Name
                                          Case number (if known)

**12. Why is venue proper in this district?**

*Check one:*

☑ Debtor's principal place of business or principal assets in the United States are in this district.

☐ Debtor does not have a place of business or assets in the United States, but the following action or proceeding in a federal or state court is pending against the debtor in this district:

☐ If neither box is checked, venue is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative, because:

**13. Signature of foreign representative(s)**

I request relief in accordance with chapter 15 of title 11, United States Code.

I am the foreign representative of a debtor in a foreign proceeding, the debtor is eligible for the relief sought in this petition, and I am authorized to file this petition.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that t e foregoing is true and correct,

✗ _____          Jean Mizrahi
Signature of foreign representative    Printed name

Executed on    07/27/2020
               MM  / DD / YYYY

✗ _____          _____
Signature of foreign representative    Printed name

Executed on    _____
               MM  / DD / YYYY

**14. Signature of attorney**

✗ _Matthew Kelsey_    Date    07/27/2020
Signature of Attorney for foreign representative    MM  / DD / YYYY

Matthew K. Kelsey
Printed name

Gibson, Dunn & Crutcher LLP
Firm name

200 Park Avenue
Number    Street

New York                              NY        10166
City                                  State     ZIP Code

(212) 351-2615                        mkelsey@gibsondunn.com
Contact phone                         Email address

4250296                               NY
Bar number                            State

Official Form 401    Chapter 15 Petition for Recognition of a Foreign Proceeding    page 3

Print    Save As...    Add Attachment                                          Reset

## Item 6

**Certified Copy of Decision Commencing Foreign Proceeding and
English Translation**



**GREFFE DU TRIBUNAL
DE COMMERCE DE PARIS**

1, QUAI DE LA CORSE
75198 PARIS CEDEX 04
0 891 01 75 75

**PROCEDURES COLLECTIVES**

SELARL 2M et Associés en la personne de Me Carole Martinez
22 R DE L'ARCADE
75008 PARIS

**Paris, le 01/07/2020**

REFERENCE : 2020023467
N° GREFFE : P202001007
SA YMAGIS

DEMANDE DE REDRESSEMENT JUDICIAIRE

Madame, Monsieur,

Nous vous informons que le tribunal a rendu une décision concernant l'affaire citée ci-dessus.

Nous vous souhaitons bonne réception de la présente et vous prions de recevoir, Madame, Monsieur, nos meilleures salutations.

Le Greffier,

*1DE/05/81/00/91*

LRAR:
-SA YMAGIS
Copies :
-TPG
-SELARL 2M et Associés en la
personne de Me Carole Martinez
- SELARL El Baze-Charpentier en
la personne de Me Jonathan El
Baze, membre de Solve
- SELAFA MJA en la personne de
Me Valéria Leloup-Thomas
- SELARL AXYME en la personne
de Me Jean-Charles Demortier
-Parquet

**R.G.** : 2020023467

**P.C.** : P202001007

8001



# REPUBLIQUE FRANCAISE
## AU NOM DU PEUPLE FRANCAIS
### TRIBUNAL DE COMMERCE DE PARIS

**Jugement prononcé le 30/06/2020
par sa mise à disposition au Greffe
Chambre de prononcé virtuelle**

### REDRESSEMENT JUDICIAIRE

## SUR DECLARATION DE CESSATION DES PAIEMENTS

**SA YMAGIS**, dont le siège social est 61 boulevard Macdonald 75019 Paris (RCS Paris 499 619 864) représenté par son Président du conseil d'administration M. Jean Mizrahi, demeurant au 2 rue Dante 75005 Paris, présent, assisté de Me Pierre-Alain Bouhenic et Me Arnaud Moussatoff, Avocats du cabinet LLP Brown Rudnick (L0260), présents et Me Jean-Pierre Farges, avocat (J015), présent.

- M. Thierry Lescasse, 25 rue du Chateau 92250 La Garenne Colombes, Directeur administratif et financier, présent.

- M. Philippe Niederits, Lieu-dit en Charnay 71460 Saint-Marcelin-De-Cray, représentant des salariés, présent.

- M. Thomas Marcorelles et M. Pierre Ruffin, auditeurs financiers indépendants, présents.

- La SELARL El Baze-Charpentier en la personne de Me Jonathan El Baze, membre de Solve, 41 rue du Four 75006 Paris, mandataire à l'exécution de l'accord, présent.

## FAITS ET PROCEDURE

L'entreprise débitrice a déposé le 24 juin 2020 au greffe de ce tribunal une déclaration de cessation des paiements aux fins d'une ouverture de redressement judiciaire.

La SA YMAGIS est inscrite au registre du commerce et des sociétés de Paris sous le numéro 499 619 864 et exerce une activité de postproduction des longs métrages et de la publicité, de commercialisation et de location de matériels liés à la fabrication et à la diffusion d'oeuvres audiovisuelles, d'activités de communication et de conseil aux entreprises, de toutes opérations de quelque nature qu'elles soient, économiques ou juridiques, financières, civiles ou commerciales, pouvant se rattacher, directement ou indirectement, à toutes activités similaires, connexes ou complémentaires, ainsi que la participation, directe ou indirecte, de la société à toutes opérations industrielles, commerciales ou financières, mobilières ou immobilières en France ou à l'étranger, sous quelque forme que ce soit, dès lors que ces activités ou opérations peuvent se rattacher directement ou indirectement aux activités similaires ou complémentaires, sous la forme de Société anonyme. Le siège social est situé au 61 boulevard Macdonald 75019 Paris. Elle est donc commerciale par sa forme et son objet.

Le représentant légal de la société, le représentant des salariés, les représentants du comité d'entreprise ou à défaut les délégués du personnel ont été invités à se présenter en chambre du conseil le 25/06/2020. Suite à la fermeture du tribunal dans le cadre de l'état d'urgence sanitaire et conformément aux dispositions de l'article 6 de l'ordonnance n°2020-304 du 26 mars 2020, une audience par visioconférence a été organisée. Toutes les personnes convoquées à l'audience ont été informées des diverses modalités d'accès.

Le vice-procureur de la République a été avisé de la date de l'audience.

205413992

## MOYENS

Il résulte des pièces produites et des informations recueillies en chambre du conseil que :
- la SA YMAGIS emploie 30 salariés (32 dans les 6 derniers mois).
- son chiffre d'affaires annuel s'élève à 26 936 000,00 euros.
- le passif s'élève à 76 249 663,00 euros dont 10 722 524,00 euros exigibles.
- l'actif s'élève à 76 054 143,00 euros dont 467 552,00 euros disponibles.
- le débiteur se présente et sollicite le redressement judiciaire.

Attendu que l'entreprise est manifestement dans l'impossibilité de faire face à son passif exigible avec son actif disponible et se trouve en conséquence en état de cessation des paiements, notamment du fait d'un manque de moyens financiers, d'un passif trop important dus aux effets de la période d'urgence sanitaire liée à la pandémie du covid-19.
Attendu qu'un redressement peut être envisagé pour les motifs suivants :
- le dirigeant souhaite présenter à terme un plan de continuation et les mesures déjà prises ont amélioré la situation,
- les prévisions d'exploitation et de trésorerie établies par le dirigeant laissent penser qu'il ne devrait pas être créé des dettes nouvelles pendant la période d'observation,
- les salariés sont favorables à l'ouverture d'une procédure de redressement judiciaire,
- le dirigeant pense que les clients et les fournisseurs sont prêts à suivre l'entreprise.
M. Raphaël Grandfils, vice-procureur de la République, a été entendu en ses observations et a requis l'ouverture d'une procédure de redressement judiciaire avec une période d'observation de 6 mois et n'est pas opposé à la nomination de Me El Baze et de Me Martinez en tant qu'administrateurs judiciaires.
Il conviendra dans ces conditions d'ouvrir une procédure de redressement judiciaire et de dire y avoir lieu à nomination d'un commissaire-priseur judiciaire.

## PAR CES MOTIFS

Le tribunal, après en avoir délibéré et après communication de la procédure au ministère public,
Statuant par jugement contradictoire en premier ressort,
Ouvre une procédure de redressement judiciaire à l'égard de la :
SA YMAGIS
61 boulevard Macdonald 75019 Paris
Activité : Postproduction des longs métrages et de la publicité, commercialisation et location de matériels liés à la fabrication et à la diffusion d'oeuvres audiovisuelles, activités de communication et de conseil aux entreprises. Toutes opérations de quelque nature qu'elles soient, économiques ou juridiques, financières, civiles ou commerciales, pouvant se rattacher, directement ou indirectement, à toutes activités similaires, connexes ou complémentaires ; et la participation, directe ou indirecte, de la société à toutes opérations industrielles, commerciales ou financières, mobilières ou immobilières en France ou à l'étranger, sous quelque forme que ce soit, dès lors que ces activités ou opérations peuvent se rattacher directement ou indirectement aux activités similaires ou complémentaires.
N° du Registre du Commerce et des Sociétés de Paris : 499619864 2018B31077
*Etablissement(s)*
- RCS Nanterre

Nomme M. Patrick Coupeaud, juge-commissaire.
Désigne la SELARL 2M et Associés en la personne de Me Carole Martinez, 22 rue de l'Arcade 75008 Paris, et la SELARL El Baze-Charpentier en la personne de Me Jonathan El Baze, membre de Solve, 41 rue du Four 75006 Paris, administrateurs judiciaires, lequels auront pour mission, outre les pouvoirs qui leur sont conférés par la loi, d'assister le débiteur pour tous les actes relatifs à la gestion.
Désigne la SELAFA MJA en la personne de Me Valérie Leloup-Thomas, 102 rue du Faubourg Saint-Denis 75479 Paris Cedex 10 et la SELARL AXYME en la personne de Me Jean-Charles Demortier, 62 boulevard de Sébastopol 75003 Paris, mandataires

judiciaires.

Désigne la SCP Pestel-Debord, 56 rue La Fayette 75009 Paris, commissaire-priseur judiciaire, aux fins de réaliser l'inventaire et la prisée prévus à l'article L.622-6 du Code de commerce.

Fixe le délai du dépôt de l'inventaire à trois semaines à compter du présent jugement.

Fixe la date de cessation des paiements au 15/04/2020 qui correspond à la date indiqué dans la déclaration de cessation des paiements.

Fixe à 6 mois la période d'observation.

Invite le comité d'entreprise ou à défaut les délégués du personnel ou les salariés s'il en existe à désigner au sein de l'entreprise un représentant dans les conditions prévues par les articles L.621-4 et L.621-6 du code de commerce à communiquer le nom et l'adresse de ce représentant au greffe.

Fixe le délai de déclaration des créances imparti aux créanciers à deux mois à compter de la publication au Bulletin officiel des annonces civiles et commerciales du présent jugement.

Fixe le délai de dépôt de la liste des créances par le mandataire à 12 mois à compter de la publication au Bulletin officiel des annonces civiles et commerciales du présent jugement.

Le tribunal :

- Dit que le "Foreign representative" désigné par la société, à savoir M. Jean Mizrahi, président du conseil d'administration de la SA YMAGIS, demeurant au Digital Cinema North America - 127 West 26th Street - Suite 501 - 10001 New York (Etats-Unis) et *Ymagis, 40 rue Gabriel Crié 9220 Malakoff,* sollicitera l'ouverture d'une procédure de "Chapter 15" du "Federal Bankruptcy code" américain auprès du tribunal américain compétent ;

- Rappelle les dispositions des articles L. 622-13 et L. 622-29 du Code de commerce qui disposent :

### * "Article L622-13 du Code de commerce :

- *Modifié par <u>Ordonnance n°2014-326 du 12 mars 2014 - art. 23</u>*

*I. - Nonobstant toute disposition légale ou toute clause contractuelle, aucune indivisibilité, résiliation ou résolution d'un contrat en cours ne peut résulter du seul fait de l'ouverture d'une procédure de sauvegarde.*

*Le cocontractant doit remplir ses obligations malgré le défaut d'exécution par le débiteur d'engagements antérieurs au jugement d'ouverture. Le défaut d'exécution de ces engagements n'ouvre droit au profit des créanciers qu'à déclaration au passif.*

*II. - L'administrateur a seul la faculté d'exiger l'exécution des contrats en cours en fournissant la prestation promise au cocontractant du débiteur.*

*Au vu des documents prévisionnels dont il dispose, l'administrateur s'assure, au moment où il demande l'exécution du contrat, qu'il disposera des fonds nécessaires pour assurer le paiement en résultant. S'il s'agit d'un contrat à exécution ou paiement échelonnés dans le temps, l'administrateur y met fin s'il lui apparaît qu'il ne disposera pas des fonds nécessaires pour remplir les obligations du terme suivant.*

*III. - Le contrat en cours est résilié de plein droit :*

*1° Après une mise en demeure de prendre parti sur la poursuite du contrat adressée par le cocontractant à l'administrateur et restée plus d'un mois sans réponse. Avant l'expiration de ce délai, le juge-commissaire peut impartir à l'administrateur un délai plus court ou lui accorder une prolongation, qui ne peut excéder deux mois, pour se prononcer ;*

*2° A défaut de paiement dans les conditions définies au II et d'accord du cocontractant pour poursuivre les relations contractuelles. En ce cas, le ministère public, l'administrateur, le mandataire judiciaire ou un contrôleur peut saisir le tribunal aux fins de mettre fin à la période d'observation.*

*IV. - A la demande de l'administrateur, la résiliation est prononcée par le juge-commissaire si elle est nécessaire à la sauvegarde du débiteur et ne porte pas une atteinte excessive aux intérêts du cocontractant.*

*V. - Si l'administrateur n'use pas de la faculté de poursuivre le contrat ou y met fin dans les conditions du II ou encore si la résiliation est prononcée en application du IV, l'inexécution peut donner lieu à des dommages et intérêts au profit du cocontractant, dont le montant doit être déclaré au passif. Le cocontractant peut néanmoins différer la restitution des sommes versées en excédent par le débiteur en exécution du contrat jusqu'à ce qu'il ait été statué sur les dommages et intérêts.*

*VI. - Les dispositions du présent article ne concernent pas les contrats de travail. Elles ne concernent pas non plus le contrat de fiducie, à l'exception de la convention en exécution de laquelle le débiteur conserve l'usage ou la jouissance de biens ou droits transférés dans un patrimoine fiduciaire."*

**\* "Article L622-29 du code de Commerce :**

*Le jugement d'ouverture ne rend pas exigibles les créances non échues à la date de son prononcé. Toute clause contraire est réputée non écrite".*

- Rappelle le principe de l'effet erga omnes du jugement d'ouverture à intervenir et en particulier l'interdiction d'appréhender les actifs grevés de sûretés du débiteur.
- Rappelle que le tribunal de céans a une compétence exclusive en tant que tribunal de la procédure collective, pour trancher toute question relative à la procédure, à ses conséquences sur les droits et actifs de la société (en particulier leur appréhension par les créanciers) et tout contentieux y afférent.

Dit que le présent jugement est exécutoire de plein droit.
Dit que les dépens du présent jugement liquidés à la somme de 93,02 euros TTC dont 15,50 euros de TVA, ainsi que les frais de publicité et de notification à venir seront portés en frais de redressement judiciaire.

Retenu à l'audience de la chambre du conseil du 25/06/2020 où siégeaient :
M. François Thieffry, président, Mme Pascale Cholmé, juge, M. Patrick Coupeaud, juge, assistés de Mme Monna Lisa Costantini, greffier.
Délibéré par les mêmes juges.
Dit que le présent jugement est prononcé par sa mise à disposition au greffe de ce tribunal, les parties ayant été préalablement avisées lors des débats dans les conditions prévues au deuxième alinéa de l'article 450 du code de procédure civile.
La minute du jugement est signée par M. François Thieffry, président du délibéré, et par Mme Monna Lisa Costantini, greffier.

Le greffier

Le président
En l'absence du Président du délibéré empêché,
le présent jugement est signé par M. Patrick Coupeaud

[*Logo*]

**REGISTRY OF THE PARIS**
**COMMERCIAL COURT**
1 QUAI DE LA CORSE
75198 PARIS CEDEX 04
0 891 01 75 75
EUR 0.30 including VAT/min.

**INSOLVENCY PROCEEDINGS**

SELARL 2M et Associés represented by Carole Martinez, Esq.
22 RUE DE L'ARCADE
75008 PARIS

**Paris, 01/07/2020**

REFERENCE:    2020023467
REGISTRY No.: P202001007
SA YMAGIS

APPLICATION RELATED TO A COURT-ORDERED RESTRUCTURING PROCEDURE

Dear Madam or Sir,

We hereby inform you that the Court has entered a decision in the aforementioned case.

We hope that the enclosed will be useful for you.

Sincerely yours,

The Clerk

[*Signature illisible*]



LP55422940

[*Code-barres*]
*1DE/05/81/00/91*

(Initials)

Registered mail return receipt requested:
-SA YMAGIS
Copies:
-TPG
-SELARL  2M et Associés represented by
Carole Martinez, Esq.
-SELARL El-Baze-Charpentier, represented by
Jonathan El Baze, Esq., a member of Solve
-SELAFA MJA, represented by Valérie Leloup-
Thomas, Esq.
-SELARL AXYME, represented by Jean-
Charles Demortier, Esq.
-Public Prosecutor's Office

GEN. DOC.:  2020023467
PC:          P202001007
                        8001

### FRENCH REPUBLIC
### IN THE NAME OF THE FRENCH PEOPLE
**Paris Commercial Court**

Judgment entered on 30 June 2020
and made available to the Registry
**Virtual Adjudication Chamber**
**COURT-ORDERED RESTRUCTURING**



### FOLLOWING A DECLARATION OF CESSATION OF PAYMENTS

SA YMAGIS, a company whose main place of business is located at 61 boulevard Macdonald 75019 Paris (Paris Commerce and Companies Registration No. 499 619 864), represented by the Chairman of its Board of Directors, Mr. Jean Mizrahi, of 2 rue Dante 75005 Paris, who attended the hearing, with the support of Pierre-Alain Bouhenic, Esq., and Arnaud Moussatoff, Esq., Attorneys-at-law, LLP Brown Rudnick (L0260), who attended the hearing, and Jean-Pierre Farges, Esq., Attorney-at-law, (J015), who attended the hearing.

- Mr. Thierry Lescasse, 25 rue du Château 92250 La Garenne Colombes, Administration and Finance Manager, who attended the hearing.
- Mr. Philippe Niederits, Lieu-dit en Charnay 71460 Saint-Marcelin-de-Cray, representing the employees, who attended the hearing.
- Mr. Thomas Marcorelles and Mr. Pierre Ruffin, independent financial auditors, who attended the hearing.
- SELARL El Baze-Charpentier, represented by Jonathan El-Baze, Esq., member of Solve, 41 rue du Four 75006 Paris, agent in charge of the implementation of the agreement, who attended the hearing.

### FACTS AND PROCEDURE

On 24 June 2020, the debtor enterprise filed with the registry of this Court a declaration of cessation of payments in order to obtain the opening of a court-ordered restructuring procedure.

SA YMAGIS is a joint-stock company registered with the Paris Commerce and Companies Registry under number 499 619 864 and carries on an activity consisting in the post-production of feature-length films, in the preparation of advertising and marketing materials and in the rental of equipment related to the manufacture and circulation of audiovisual works, in communication and business consulting activities and in any operations of any nature whatsoever, whether economic, legal or financial, civil or commercial, possibly pertaining, directly or indirectly, to any similar, related or complementary activities, and in the acquisition and holding of direct or indirect interests by the company in any industrial, commercial or financial operations, whether pertaining to movable or immovable property, whether in France or abroad, in any form whatsoever, provided that such activities or operations can be related directly or indirectly to similar or complementary activities. The registered office is located at 61 boulevard Macdonald 75019 Paris. The Company's legal form and purpose are therefore commercial by nature.

The Company's legal representative, the representative of the employees, the representatives of the works council or in default the staff delegates have been asked to appear in the Court's chambers on 25 June 2020. Following the decision to close the Court because of the sanitary emergency and in accordance with Article 6 of Order No. 2020-304 of 26 March 2020, a hearing was held by videoconferencing. All persons asked to attend the hearing were informed of the relevant mode of access.

The Deputy Public Prosecutor was informed of the date of the hearing.

## GROUNDS

It appears from the adduced evidence and from the information obtained in chambers that:

- SA YMAGIS employs a staff of 30 (32 over the last 6 months).
- The Company's annual revenues amount to EUR 26,936,000.00.
- The Company's liabilities amount to EUR 76,249,663.00, including EUR 10,722,524.00 of matured receivables.
- The Company's assets amount to EUR 76,054,143.00, including EUR 467,552.00 in cash and cash equivalents.
- The debtor appears before the Court and seeks the opening of a court-ordered restructuring procedure.

The enterprise is manifestly unable to settle its matured liabilities by using its available assets and is therefore in a situation of cessation of payments, in particular because of a lack of financial resources and because its liabilities are too important due to the effects of the sanitary emergency period linked to the covid-19 pandemic.

A restructuring can be envisaged for the following reasons:

- The chief executive officer would like to submit over time a continuation plan, and the measures already taken have improved the situation,
- The operational and cash forecasts prepared by the chief executive officer give cause to think that no new liabilities are likely to arise during the observation period,
- The employees favor the opening of a court-ordered restructuring procedure,
- The chief executive officer considers that the Company's customers and suppliers are willing to support the enterprise.

Mr. Raphaël Grandfils, Deputy Public Prosecutor, submitted his observations to the Court and requested the opening of a court-ordered restructuring procedure with a 6-month observation period. He did not oppose the appointment of Mr. El Baze, Esq., and Ms. Martinez, Esq., as judicial administrators.

Under such conditions, it appears necessary to open a court-ordered restructuring procedure and to order that a court appraiser be appointed.

## ON THESE GROUNDS

The Court, after deliberating and after communicating the procedural documents to the Public Prosecutor's Office,
Adjudicating after adversary proceedings and in first resort,
Opens a court-ordered restructuring procedure as regards:
SA YMAGIS

61 boulevard Macdonald 75019 PARIS

Activity: consists in the post-production of feature-length films, in the preparation of advertising and marketing materials and in the rental of equipment related to the manufacture and circulation of audiovisual works, in communication and business consulting activities and in any operations of any nature whatsoever, whether economic, legal or financial, civil or commercial, possibly pertaining, directly or indirectly, to any similar, related or complementary activities, and in the acquisition and holding of direct or indirect interests by the company in any industrial, commercial or financial operations, whether pertaining to movable or immovable property, whether in France or abroad, in any form whatsoever, provided that such activities or operations can be related directly or indirectly to similar or complementary activities.

Paris Commerce and Companies Registration No. 4996 19864 2018 B31077
Establishment(s): Nanterre Commerce and Companies Registry

Appoints Mr. Patrick Coupeaud as bankruptcy judge.
Appoints SELARL 2M et Associés represented by Carole Martinez, Esq., 22 rue de l'Arcade 75008 Paris and SELARL El-Baze-Charpentier, represented by Jonathan El Baze, Esq., a member of Solve, 41 rue du Four 75006 Paris as judicial administrators who shall be responsible, in addition to the powers granted to them by provisions of law, for supporting the debtor as regards all actions related to its management.
Appoints SELAFA MJA, represented by Valérie Leloup-Thomas, 102 rue du Faubourg Saint-Denis, 75479 Paris Cedex 10 and SELARL AXYME represented by Jean-Charles Demortier, Esq., 62 boulevard de Sébastopol 75003 Paris, as court agents.

Appoints SCP Pestel-Debord, 56 rue La Fayette 75009 Paris as court appraiser in order to prepare the stock count and appraisal provided for in Article L. 622-6 of the French Commercial Court.

Orders that the stock count shall be filed within three weeks from the date of this order.

Determines that the date of cessation of payments is 15 April 2020, i.e. the date indicated in the declaration of cessation of payments.

Orders that the observation period shall last 6 months.

Asks the works council or, in default, the staff delegates or the employees, if any, to appoint within the enterprise one representative under the terms set forth in Articles L. 621-4 and L. 621-6 of the French Commercial Code and to communicate to the registry of the court the name and address of the said representative.

Determines that the receivable reporting period granted to creditors shall be two months from the date of publication of this judgment in the *Bulletin Officiel des Annonces Civiles et Commerciales*.

Orders that the list of receivables shall be filed by the agent within 12 months from publication of this judgment in the *Bulletin Officiel des Annonces Civiles et Commerciales*.

The Court:

- Orders that the Foreign Representative appointed by the Company, i.e. Mr. Jean Mizrahi, Chairman of the Board of Directors of SA YMAGIS, of Digital Cinema North America – 127 West 26th Street - Suite 501 – 10001 New York, New York (United States of America) and *Ymagis 40 rue Gabriel Crié 9220 Malakoff* shall seek from the relevant court the opening of a Chapter 15 procedure under the U.S. Federal Bankruptcy Code;

- Recalls the provisions of Articles L. 622-13 and L. 622-29 of the French Commercial Code, which provide the following:

\* *"Article L. 622-13 of the French Commercial Code:*

*Amended by <u>Ordonnance No. 2014-326 of 12 March 2014 – Article 23</u>*

*I. – Notwithstanding any legal or other contractual provision to the contrary, no indivisibility, termination or rescission of any current contract may result from the mere opening of a safeguard procedure.*
*The other contracting party must meet its obligations despite the debtor's failure to perform any obligations prior to the judgment opening the procedure. Failure to perform one's obligations only gives creditors the right to have their claims stated among the debtor's liabilities.*

*II.– The administrator alone is entitled to demand the performance of current contracts by supplying the consideration promised to the debtor's contracting party.*

*On the basis of the forecasts available to it, the administrator ascertains, upon demanding the performance of the contract, whether he will be in possession of the funds necessary to make the resulting payment. If the contract provides for a performance or for payments staggered over time, then the administrator shall terminate the contract if he considers that he will not be in possession of the funds necessary to meet the obligations arising in respect of the next instalment.*

*III. – The current contract is terminated as a matter of law:*

*1° After a formal notice asking the administrator to decide on the continuation of the contract and sent by the other contracting party has remained unanswered for more than one month. Prior to the end of the said period, the bankruptcy judge may impose on the administrator a shorter period or grant him an extension, which may not exceed two months, in order to make his decision.*



(initials)

*2° If the payment is not made in accordance with II above and if the other contracting party does not agree to maintain contractual relationships. In such event, the public prosecutor, the administrator, the judicial agent, or an overseer may refer the case to the court in order to end the observation period.*

*IV. – At the administrator's request, the contract is terminated by the bankruptcy judge, if such termination is necessary for the debtor's safeguard and does not excessively hurt the other contracting party's interests.*

*V. – If the administrator does not exercise the right to maintain the agreement or to terminate the contract in accordance with II or if the contract is terminated under IV, then such non-performance may give rise to the payment of damages to the other contracting party, with the amount of such damages being reported in the debtor's liabilities. However, the other contracting party may postpone the refund of any amounts paid in excess by the debtor under the contract until a determination has been made as regards the damages.*

*VI. – The provisions of this Article are not applicable to employment contracts. Also, these provisions are not applicable to trusts, except for the agreement under which the debtor retains the use or enjoyment of the property or rights transferred to a patrimony held under a trust arrangement."*

**\* "Article L. 622-29 of the French Commercial Code:**

*The judgment opening the procedure does not cause the acceleration of claims not matured when the judgment is handed down. Any clause to the contrary is disregarded."*

- Recalls the principle under which the judgment to be entered is enforceable against all, and recalls in particular the prohibition to seize the debtor's encumbered assets.
- Recalls that this court has exclusive jurisdiction over this insolvency procedure, in order to settle any issue related to the procedure, its consequences on the Company's rights and assets (and in particular their seizure by the creditors) and any related litigation.

Orders that this judgment shall be enforceable as a matter of law.
Orders that the expenses associated with this judgment, whose total amount is determined to be equal to EUR 93.02 including VAT, of which VAT in the amount of EUR 15.50, and any future filing and notification expenses shall be applied as court-ordered restructuring expenses.

Decision entered during the hearing held in chambers on 25 June 2020 during which the following persons were sitting: Mr. François Thieffry, presiding judge, Ms. Pascale Cholmé, judge, Mr. Patrick Coupeaud, judge, supported by Ms. Monna Lisa Costantini, clerk.
After deliberations by the above judges.
It was ordered that this judgment would be made available to the registry of this court, after the parties had been informed during the debates in accordance with Article 450, paragraph 2, of the French Civil Procedure Code.
The minutes of the judgment are signed by Mr. François Thieffry, judge presiding at the trial panel, and by Ms. Monna Lisa Costantini, clerk.

The Clerk                          The Presiding Judge

[*Illegible signature*]        in the absence of the Presiding Judge, unable to act,

                    this judgment was signed by Mr. ***Patrick Coupeaud***      [*Illegible signature*]



Traduction en langue anglaise certifiée conforme à l'original / la copie rédigé (e) en langue française visée Ne Varietur sous le N° 8620 / 1203
Fait à Paris, le. 09/07/2020
Signature :

## <u>Item 7</u>

**Statement Identifying Pending Foreign Proceedings**

**GIBSON, DUNN & CRUTCHER LLP**
Matthew K. Kelsey
Alan Moskowitz
200 Park Avenue
New York, NY 10166
(212) 351-4000 (Tel)
(212) 351-4035 (Fax)

*Counsel to the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>YMAGIS SA,[1]<br><br>           Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 20-_____ (__) |

## DECLARATION OF FOREIGN REPRESENTATIVE PURSUANT TO SECTION 1515(C) OF THE BANKRUPTCY CODE

I, Jean Mizrahi, hereby declare:

1.       I am a duly authorized foreign representative (a "***Foreign Representative***") of Ymagis SA, as a debtor in a foreign proceeding (the "***Foreign Debtor***") in connection with its *redressement judiciaire* proceeding under French law pending in the Commercial Court of Paris (*Tribunal de commerce de Paris*) (the "***Foreign Proceeding***").

2.       I respectfully submit this statement, as required by section 1515(c) of title 11 of the United States Code (the "***Bankruptcy Code***"), in support of the verified petition filed herewith seeking recognition by this Court of the Foreign Proceeding as a foreign main proceeding.

---

[1]  The Foreign Debtor's French SIREN Number is 499 619 864.  The location of the Foreign Debtor's registered office is 61 Boulevard, MacDonald, 75019 Paris, France.

3.      Pursuant to the requirements of section 1515(c) of the Bankruptcy Code, to the best of my knowledge, the Foreign Proceeding is the only foreign proceeding of any kind pending for the Foreign Debtor and, thus, is the only known "foreign proceeding" with respect to the Foreign Debtor as that term is defined in section 101(23) of the Bankruptcy Code.

[*Remainder of Page Intentionally Left Blank*]

Pursuant to 28 U.S.C. § 1746, 1 hereby declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct to the best of my knowledge, information and belief.

Executed on July 27, 2020.

/s/ *Jean Mizrahi*
Name: Jean Mizrahi
Title: Foreign Representative

## Item 8

**Disclosure Pursuant Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure**

**GIBSON, DUNN & CRUTCHER LLP**
Matthew K. Kelsey
Alan Moskowitz
200 Park Avenue
New York, NY 10166
(212) 351-4000 (Tel)
(212) 351-4035 (Fax)

*Counsel to the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>YMAGIS SA,[1]<br><br>          Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 20-_____ (__) |

## DISCLOSURE PURSUANT TO RULE 1007(A)(4) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

Jean Mizrahi, in his capacity as the duly authorized foreign representative (the "***Foreign Representative***") of Ymagis SA as a debtor in a foreign proceeding (the "***Foreign Debtor***") in connection with its *redressement judiciaire* proceeding under French law (the "***Foreign Proceeding***") pending in the Commercial Court of Paris (*Tribunal de commerce de Paris*) (the "***French Court***") hereby files this list pursuant to Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure and respectfully set forth as follows:

---

[1] The Foreign Debtor's French SIREN Number is 499 619 864. The location of the Foreign Debtor's registered office is 61 Boulevard, MacDonald, 75019 Paris, France.

## I.    All Persons or Bodies Authorized to Administer the Foreign Proceeding

| Name | Address |
|---|---|
| Jean Mizrahi, as Foreign Representative | (i) Digital Cinema North America – 127 West 26th Street – Suite 501 – 10001 New York (USA), and (ii) 40 rue Gabriel Crié, 92240 Malakoff, France |
| Paul-Louis Netter, President of the Commercial Court of Paris | 1 quai de la Corse, 75004 Paris |
| Patrick Coupeaud, Supervisory Judge, (*juge-commissaire*) | 1 quai de la Corse, 75004 Paris |
| SELARL 2M, as Judiciary Administrator (*administrateur judiciaires*), acting through Carole Martinez | 22 rue de l'Arcade, 75008 Paris |
| Solve, as Judiciary Administrator (*administrateur judiciaires*), acting through Jonathan El Baze | 41 rue du Four, 75006 Paris |
| SELAFA MJA, as Creditors' Representative (*mandataire judiciaires*), acting through Valérie Leloup-Thomas | 102 rue du Faubourg Saint-Denis, 75010 Paris |
| SELARL AXYME, as Creditors' Representative (*mandataire judiciaires*), acting through Jean-Charles Demortier | 62 boulevard de Sébastopol, 75003 Paris |

## II.    All Parties to Litigation Pending in the United States in Which the Foreign Debtor is a Party at the Time of Filing of the Petition

1.    Neither Foreign Representative nor the Foreign Debtor is party to any pending litigation in the United States as of the date hereof.

## III.    Entities Against Whom Provisional Relief is Sought Pursuant to 11 U.S.C. § 1519

2.    The Foreign Representative seeks provisional relief pursuant to sections 1519, 1521(a)(7), 362, and 365(e) of the title 11 of the U.S. Code (the "***Bankruptcy Code***") by applying sections 362 and 365(e) of the Bankruptcy Code immediately for the benefit of the Foreign Debtor

against potential action in the United States by dissenting creditors. *See* **<u>Schedule 1</u>** annexed hereto

for a list of known entities against whom provisional relief is being sought.[2]

---

[2] The Foreign Representative will update <u>Schedule 1</u> to the extent he becomes aware of any additional entities against whom provisional relief is being sought.

Dated:    New York, New York
          July 27, 2020

Respectfully submitted,
GIBSON, DUNN & CRUTCHER LLP

*/s/ Matthew K. Kelsey*
Matthew K. Kelsey
Alan Moskowitz
200 Park Avenue
New York, NY 10166
(212) 351-4000 (Tel)
(212) 351-4035 (Fax)

*Counsel to the Foreign Representative*

## SCHEDULE 1

### Entities Against Whom Provisional Relief is Sought Pursuant to 11 U.S.C. § 1519[3]

| | |
|---|---|
| Paramount Pictures Corporation<br>5555 Melrose Avenue<br>Los Angeles, CA 90038<br>Attn: EVP Theatrical Distribution Operations | Walt Disney Studios Motion Pictures International<br>350 South Buena Vista Street<br>Burbank, CA 91521<br>Attn: Adam Hancock, Executive Director of Sales and Distribution |
| Paramount Pictures International<br>Chiswick Business Park, Building 5<br>566 Chiswick High Road<br>London W4 5YF<br>Attn: EVP General Counsel | Walt Disney Studios Motion Pictures International<br>350 South Buena Vista Street<br>Burbank, CA 91521-1233<br>Attn: VP, Business and Legal Affairs |
| Universal Pictures International France SAS<br>21, Rue Francois 1 er<br>Paris 75008 France<br>Attention: Managing Director | Twentieth Century Fox Film Corporation<br>Attention: Julian Levin, EVP<br>10201 West Pico Boulevard, Bldg 86, Room 202<br>Los Angeles, CA 90064<br>Facsimile: 310-369-3926 |
| Universal Studios International B.V.<br>Hagedoornplein 2<br>1031 BV Amsterdam, The Netherlands<br>Attention: VP Legal | Twentieth Century Fox International<br>Attention: Mary McLaren, COO International Theatrical and Home Entertainment<br>2121 Avenue of the Stars, Suite 1100<br>Los Angeles, CA 90067<br>Facsimile: 310-369-1991 |
| Universal City Studios LLLP<br>c/o Universal Pictures<br>100 Universal City Plaza, 2160/7<br>Universal City, CA 91608<br>U.S.A.<br>Attention: SVP Digital Platforms | Twentieth Century Fox Film Corporation<br>Attention: Legal Department, and Michael Doodan Esq.<br>2121 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067<br>Facsimile: 310-369-3595 |
| Universal City Studios LLLP<br>c/o Universal Pictures<br>100 Universal City Plaza, 1280/6<br>Universal City, CA 91608<br>Attention: VP Intellectual Property | Universal Pictures International Limited<br>Oxford House<br>76 Oxford Street<br>London W1D 1BS, United Kingdom<br>Attention: SVP Legal |
| Digital Cinema Operations<br>Sony Pictures Releasing | Warner Bros. Pictures International, a division of Warner Bros. Distributing Inc. |

---

[3] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the *Verified Petition Under Chapter 15 for Recognition of a Foreign Main Proceeding*, filed contemporaneously herewith.

| | |
|---|---|
| 10202 W. Washington Blvd.<br>Culver City, CA 90232<br>Attn: Senior VP of Digital Cinema Operations<br>Scott_sherr@spe.sony.com | 4000 Warner Blvd., Bldg. 154, Room 3204<br>Burbank, CA 91522<br>Attn: Thomas Molter, Senior VP,<br>International Distribution |
| Sony Pictures Entertainment<br>Office of General Counsel<br>10202 W. Washington Blvd.<br>Culver City, CA 90232<br>Attn: Legal Department Representative<br>Jonathan_gordon@spe.sony.com | Warner Bros. Pictures International, a<br>division of Warner Bros. Distributing Inc.<br>4000 Warner Blvd., Bldg. 154, Room 3204<br>Burbank, CA 91522<br>Attn: Damon Bonesteel, Senior VP, Legal &<br>Business Affairs |

**<u>Item 11</u>**

**Corporate Ownership Statement**

**GIBSON, DUNN & CRUTCHER LLP**
Matthew K. Kelsey
Alan Moskowitz
200 Park Avenue
New York, NY 10166
(212) 351-4000 (Tel)
(212) 351-4035 (Fax)

*Counsel to the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>YMAGIS SA,[1]<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 20-_____ (\_\_) |

**CORPORATE OWNERSHIP STATEMENT**
**PURSUANT TO BANKRUPTCY RULES 1007(A)(4)**
**AND 7007.1 AND LOCAL RULE 1007-3**

Jean Mizrahi, in his capacity as the duly authorized foreign representative (the "***Foreign Representative***") of Ymagis SA as a debtor in a foreign proceeding (the "***Foreign Debtor***") in connection with its *redressement judiciaire* proceeding under French law pending in the Commercial Court of Paris (*Tribunal de commerce de Paris*) (the "***Foreign Proceeding***"), hereby files the corporate ownership information required by Rules 1007(a)(4) and 7007.1 of the Federal Rules of Bankruptcy Procedure and Rule 1007-3 of the Local Bankruptcy Rules for the Southern District of New York.

1.      As of the date of this filing, the only entity that owns, directly or indirectly, 10% or more of the equity interests of the Foreign Debtor is Targetin SAS.

---

[1]   The Foreign Debtor's French SIREN Number is 499 619 864. The location of the Foreign Debtor's registered office is 61 Boulevard, MacDonald, 75019 Paris, France.